IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PEOPLE'S UNITED EQUIPMENT           )
FINANCE CORP.                       )
                                    )
            Plaintiff,              )
                                    )
    v.                              )    1:11cv249 (LMB/JFA)
                                    )
ISHMAEL WRIGHT, et al.              )
                                    )
            Defendants.             )

F I L E
JUN 3 0 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, V. INIA

ORDER

Before the Court are Proposed Findings of Fact and
Recommendations [Dkt. No. 26] issued by the Honorable John F.
Anderson, United States Magistrate Judge, on June 9, 2011. In
those Proposed Findings and Recommendations, Judge Anderson
recommended the entry of a default judgment in favor of the
plaintiff, People's United Equipment Finance Corporation ("People's
United"), and against defendant Ishmael Wright,[1] on plaintiff's

---

[1] Plaintiff initially sought a default judgment against both
defendants in this civil action: Ishmael Wright ("Wright" or "Mr.
Wright") and Mavis Wright ("Ms. Wright"). Mavis Wright, however,
filed an objection on May 11, 2011, stating that she had no
knowledge of this lawsuit until she received plaintiff's Motion
for Default Judgment in the mail on April 23, 2011. See Dkt. No.
13. She further averred that Mr. Wright, who was served
personally with the summons and Complaint on March 17, 2011, see
Dkt. No. 3, never gave her a copy of the Complaint, and in fact
"hid the complaint from [her]." Dkt. No. 13 ¶ 3; see also Dkt.
No. 17 (Mavis Wright's Motion to Set Aside Entry of Default and
Default Judgment). Accordingly, plaintiff's Motion for Default
Judgment [Dkt. No. 10] was denied as to Ms. Wright, Ms. Wright's
Motion to Set Aside Default [Dkt. No. 17] was granted, and the
Proposed Findings of Fact and Recommendations address only Mr.
Wright. See Dkt. No. 19 (May 20, 2011 Order of the magistrate
judge); Dkt. No. 26 (Proposed Findings of Fact and
Recommendations).

diversity claim for breach of contract, in the total amount of
$891,194.33.[2]

The Proposed Findings and Recommendations, which were filed by
means of the Court's electronic filing system and mailed to
defendant Ishmael Wright at his address of record, explicitly
advised the parties that any objections had to be filed within
fourteen (14) days of service, and that a failure to file timely
objections would waive appellate review of any judgment entered on
the basis of the recommendations. As of June 30, 2011, no
objections to the Proposed Findings and Recommendations have been
filed.

Having carefully reviewed the magistrate judge's Proposed
Findings of Fact and Recommendations, the Court finds that they are
factually accurate, and that, with minor exceptions noted herein,
there are no legal errors in the magistrate judge's
recommendations. Because defendant Ishmael Wright has failed to
file an Answer or otherwise appear in this action, he is deemed to
have admitted all of the factual allegations against him in the
Complaint, and the entry of default judgment against him is

_____

[2] The calculation of damages is based on an affidavit of
Joseph Cannici, a Vice President of People's United, who states
that the total amount due and owing to plaintiff under the terms
of the parties' underlying agreements is $882,319.71, comprised
of $807,859.91 in unpaid installment payments, $65,309.80 in
accrued interest, and $9,150.00 in late fees. See Dkt. No. 25
(Revised Aff. of Joseph Cannici) ¶ 4. Plaintiff is also entitled
to its reasonable attorneys' fees and costs incurred in pursuing
this action, which the magistrate judge determined to be
$8,160.00 in attorneys' fees, and $714.62 in costs. The total
monetary judgment is therefore $891,194.33.

2

appropriate. Moreover, although this civil action remains pending against another active defendant, Mavis Wright, there is "no just reason for delay," see Fed. R. Civ. P. 54(b), in entering a default judgment against Mr. Wright, because the underlying agreement signed by Wright states that the defendants are to be jointly and severally liable for all payment and performance obligations. See Dkt. No. 1 at Ex. 2 (attaching a copy of the Guaranty agreement that forms the basis for the breach of contract action against Wright). As such, there is no valid concern that the entry of default judgment against Ishmael Wright at this time could result in inconsistent judgments against the two defendants in this action. Cf. Frow v. De La Vega, 82 U.S. 552, 554 (1872); United States v. Peerless Ins. Co., 374 F.2d 942, 944 (4th Cir. 1967); Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 438 (E.D. Va. 2006).

Accordingly, the findings of fact and conclusions of law in the magistrate judge's Proposed Findings of Fact and Recommendations [Dkt. No. 26] are adopted by this Court as its own, and it is hereby

ORDERED that a default judgment in the amount $891,194.33 be and is entered in favor of the plaintiff and against defendant Ishmael Wright, jointly and severally, on plaintiff's claim for breach of contract (Count I), with interest accruing at the

3

official Court rate from the date of this judgment until paid.[3]

The Clerk is directed to forward copies of this Order to counsel of record and to defendant Ishmael Wright at the address on file with the Court, and to enter default judgment against Ishmael Wright in accordance with the terms of this Order.

Entered this 30th day of June, 2011.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

---

[3] The Proposed Findings of Fact and Recommendations recommended that post-judgment interest accrue at a rate of 12.5% from the date of judgment until paid. However, because the underlying Promissory Note and Guaranty Agreements that form the basis for this breach of contract action do not explicitly provide for a specific post-judgment interest rate, see Pl.'s Compl. at Exs. 1-3, the Court will apply its standard post-judgment interest rate.

4